UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MORANDE AUTOMOTIVE GROUP, INC., | : | |
| MORANDE AUTOMOTIVE GROUP EMPLOYEE | : | |
| STOCK OWNERSHIP TRUST, AND MORANDE | : | |
| FORD, INC. | : | NO.  3:04CV00918 (SRU) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| METROPOLITAN GROUP, METLIFE, INC., | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, GENERAL AMERICAN LIFE | : | |
| INSURANCE COMPANY, GENAMERICA | : | |
| FINANCIAL CORP., MARSHALL & STEVENS | : | |
| COMPANY A/K/A MARSHALL & STEVENS | : | |
| INCORPORATED A/K/A MARSHALL & | : | |
| STEVENS ESOP CAPITAL STRATEGIES, INC. | : | OCTOBER 20, 2004 |
| | : | |
| Defendants. | : | |
| | : | |

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS OR TO STAY LITIGATION

I, Mark W. Santarsiero, depose and say as follows:

1.    I am over the age of eighteen years old and believe in the obligation of an oath.

2.    I make this affidavit on personal knowledge.

3.    I am the president of Marshall & Stevens ESOP Capital Strategies, Inc.

("MSECS").

4.    MSECS is a corporation organized under the laws of the State of California.

5.    MSECS maintains its principal place of business at 707 Wilshire Boulevard, Los

Angeles, California.

6.    MSECS maintains no offices or other facilities in the State of Connecticut.

7.    MSECS does not own or lease any real property in the State of Connecticut.

8.    MSECS does not maintain any bank accounts in the State of Connecticut.

9.    MSECS does not directly solicit business in the State of Connecticut.

10.    On or about June 28, 1999, MSECS sent to Morande Ford, Inc. ("Morande Ford") an un-executed agreement regarding services related to the design by MSECS of an employee stock ownership plan for Morande Ford.

11.    On or about December 1, 1999, Morande Ford executed the agreement and returned it to MSECS's office in Los Angeles, California.

12.    Mr. Fredrick H. Thomas, executive vice president of MSECS, executed the agreement, on behalf of MSECS, in his office in Los Angeles, California on December 2, 1999. The fully executed agreement shall be referred to as the "Agreement" a true copy of which is attached to this affidavit as Exhibit A.

13.    Pursuant to the Agreement, Morande Ford and MSECS agreed that disputes arising out of the Agreement would be subject to arbitration.  Specifically, Morande Ford and MSECS agreed as follows:

> You and MSECS of Los Angeles agree the proper forum for any action to enforce the terms of this agreement is in the County of Los Angeles, State of California. You and MSECS agree to settle any controversy or claim arising out of this agreement, by arbitration in accordance with the rules of the American Arbitration Association.  (Agreement, page 5.)

14.    On only two occasions has MSECS entered into a contract with a Connecticut business: the Agreement between MSECS and Plaintiff at issue in this case, and one other contract, the services under which were completed in 1999 or 2000.  MSECS is not currently performing any services for any resident of Connecticut or business located in Connecticut.

15.    The services MSECS performed in connection with the Agreement were performed in Los Angeles, California, other than limited meetings held at Morande's facility in Connecticut.  On a percentage basis, over 95% of the services rendered by MSECS under the Agreement were rendered in Los Angeles, California.

16.    The payments made by Morande Ford pursuant to the Agreement were sent to MSECS's office in Los Angeles, California.



Mark W. Santarsiero

Subscribed and sworn to before me this
_____20th_____ day of October, 2004.

Notary Public

My commission expires:

MARILYN F. LONG
Commission # 1368621
Notary Public - California
Los Angeles County
My Comm. Expires Sep 5, 2006

# EXHIBIT A



**Capital Strategies, Inc.**
A Marshall & Stevens Company
*Toll-Free (877) 612-8026*
*Fax (213) 612-8010*

CAPITAL • STRATEGIES • GROUP

---

June 28, 1999                                                    **Personal & Confidential**

Mr. Robert J. Morande
**Morande Ford, Inc.**
250 Webster Square Road
Berlin, CT 06037

Dear Mr. Morande:

Marshall & Stevens ESOP Capital Strategies, Inc. (MSECS) is pleased to propose its corporate finance services to **Morande Ford, Inc.** (Client) as they relate to the implementation of an Employee Stock Ownership Plan (ESOP) for the Company. The scope and terms of the engagement are outlined in the sections below:

## 1.  STRATEGIC PLANNING:

Based on your specific objectives as they relate to the ESOP, MSECS will design the ESOP as well as develop an implementation schedule for the events leading up to the final implementation of the ESOP.

## 2.  INSTALLATION OF THE ESOP PLAN:

Since MSECS is not engaged in the practice of law, you and the Company shall engage MSECS' counsel to document the Employee Stock Ownership Plan. Subject to such provisions necessary to qualify for an IRS Letter of Determination the ESOP Plan and Trust agreement shall be designed to reflect your specific needs and objectives.

The fee noted in Section (10) of this Engagement Letter includes all of the Services provided in Sections 1 through 8.

---

**707 Wilshire Boulevard • Suite 5200 • Los Angeles • California • 90017**

Mr. Robert J. Morande
**Morande Ford, Inc.**
June 28, 1999
Page 2

### 3.  FAVORABLE INTERNAL REVENUE SERVICE DETERMINATION:

Upon completion of the final documentation, the documents will be presented for adoption and signature.  Upon adoption of the ESOP, council shall on behalf of the Company file or cause to be filed with the Internal Revenue Service, an application for determination that the ESOP qualified and is tax exempt under Sections 401 (a) and 501 (a) of the Internal Revenue Code.

Such application shall be accompanied by appropriate schedules and other supplementary information which may be required for this purpose.  MSECS and/or counsel will review the ESOP documents with pension trust representatives of the IRS and will work with those individuals until such time as they grant the Company a letter of determination for the ESOP.

In the event the Internal Revenue Service issues an adverse determination letter in response to the application, council shall have the right to appeal the decision to the National Office of the Internal Revenue Service at MSECS expense.  MSECS guarantees that with the Company's complete cooperation, an IRS letter of determination will be obtained.

### 4.  DISCLOSURE TO EMPLOYEES:

MSECS shall prepare a written summary plan description for the employees of the Company covered by the ESOP.

  1.  Prepare and conduct all management and employee familiarization and awareness training relating to implementation of the ESOP.

  2.  Provide an ESOP communication program that is designed to foster an "ownership culture" at all employee and management levels.

### 5.  LIQUIDITY ANALYSIS FOR THE EMERGING REPURCHASE LIABILITY:

MSECS will prepare a repurchase liability analysis and will recommend alternative methods for meeting the emerging repurchase liability of the Company.  In addition, MSECS will assist the Company in selecting a funding program that best meets the stated corporate objectives.  Because of the proprietary nature of the funding solutions designed by MSECS, MSECS or assignee will become broker of record of any insurance products that are used as part of the funding for the repurchase liability using any carrier of Company choice.



Mr. Robert J. Morande
**Morande Ford, Inc.**
June 28, 1999
Page 3

### 6.  FINANCIAL CONSULTING:

MSECS in conjunction with the corporate management and ESOP counsel, will be available to consult with you and the Company and the ESOP committee advisors and assist in the explanation of the ESOP to others who may be involved, such as shareholders, directors, Company counsel, Company auditors and lenders.

### 7.  CO-ORDINATION WITH OTHER PLANS:

MSECS shall coordinate the ESOP with other qualified and non-qualified plans and will make pertinent recommendations to you and the Company.  MSECS shall also analyze and review existing formal or informal buy-sell arrangement, business perpetuation plans, incentive and bonus plans, and will provide you and the Company with written recommendations as to how those plans might be integrated with the ESOP.

### 8.  GENERAL CO-ORDINATION:

MSECS will assist the corporate officers and the ESOP Committee in the coordination of the functions of the plan administrator, the Trustee and the independent appraisers.

### 9.  CONFIDENTIALITY:

MSECS agrees to treat all information provided by you and the Company as highly confidential. You and the Company authorize MSECS to obtain opinion and information from outside legal, accounting, financial and other sources pertaining to the Company ESOP and financing needs. You and the Company additionally authorize MSECS to provide aforementioned parties with specific information pertaining to the Company as is deemed necessary by MSECS.

### 10. FEES:

As consideration for the services to be performed hereunder, you or the Client shall pay the following fees: **FORTY- NINE THOUSAND FIVE HUNDRED DOLLARS ($49,500.00),** plus related expenses shall be paid to MSECS for the coordination of the design and installation of the ESOP.   **TWENTY-FOUR THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($24,750.00)** of the total fee shall be paid to MSECS as a non-refundable retainer.  The balance shall be paid upon the closing of escrow.  If legal services beyond those described in Sections (2), (3) and (4) are required of counsel, the cost of any such additional legal services will be billed directly by counsel and paid by you or the Company.  In addition, you or the Company shall pay



Mr. Robert J. Morande
**Morande Ford, Inc.**
June 28, 1999
Page 4

all fees charged by the IRS for determination and rulings, currently set at $700.00, to be paid directly to the IRS along with the submission for the Letter of Determination.

You and the Company agree to be liable to MSECS for all fees and costs to be aid to MSECS as provided herein. Notwithstanding anything in this Section to the contrary, if you decide to terminate this agreement, no fees paid by you or the Company to MSECS are to be refunded. In addition, if the ESOP plan and trust and other supporting documents have been prepared, the balance of the fees referred to in the Section of this agreement shall be payable to MSECS.

## 11. FINANCING OF THE COMPANY OR ITS ESOP:

You have requested that MSECS obtain the financing required to fund the ESOP transaction, and, if necessary, to restructure the Company's existing debt (FINANCING). It is our mutual understanding that MSECS will use its best efforts on behalf of you and the Company to procure the FINANCING.

In order for MSECS to conduct due diligence customary to leveraged transactions and/or relevant to this specific transaction, certain financial and other pertinent information will be required. The Company agrees to use its best efforts to provide MSECS will all documents and information necessary to complete its evaluation. For its part, MSECS agrees not to use information considered by the Company to be "CONFIDENTIAL" in a manner inconsistent with its confidential nature.

MSECS' review may include, without limitation, the evaluation of the components and business plans of the Company and its financial condition, assets and liabilities, businesses, operations and prospects; a review of the probable tax effects of the transaction; its capital and legal structure; and the evaluation of additional information concerning the Company.

Should MSECS procure the FINANCING, of any portion thereof, during the term of this agreement or within a period of 12 months from termination of this agreement, which if later, is determined by the Board of Directors of the Company to be acceptable, you and the Company agree to pay MSECS a fee (payable at closing) based on the Lehman Formula of the total FINANCING obtained.

### Lehman Formula

| | | | |
|---|---|---|---|
| 5% | - | First | 1 million dollars of financing |
| 4% | - | Second | 1 million dollars of financing |
| 3% | - | Third | 1 million dollars of financing |
| 2% | - | Fourth | 1 million dollars of financing |
| 1% | - | Fifth | 1 million dollars of financing |



Mr. Robert J. Morande
**Morande Ford, Inc.**
June 28, 1999
Page 5

Any financing procured for the transaction from any entity that MSECS had contacted in respect of the financing shall remain under the exclusivity provision of this agreement for an additional twelve (12) months.

In addition to the fees described above, the Company agrees to reimburse MSECS for reasonable out-of-pocket expenses, incurred by MSECS in connection with the procurement of the FINANCING, regardless of whether FINANCING is obtained.

No commitment on behalf of MSECS to obtain the FINANCING is expressed or implied in the agreement. MSECS will conduct due diligence and, on a best effort basis, endeavor to obtain the FINANCING required.

## 12. SOLE AND ONLY AGREEMENT:

This engagement letter contains the sole and only agreement of the parties relating to the services to be provided by MSECS. This engagement letter correctly sets forth the rights, duties and obligations of each to the other as described in this document. Any representations either previously made or made in the future including any agreements, promises or negotiations which are not expressly set forth in this Agreement or in any future written amendment to this Agreement are of no force or effect. Any modifications to this Agreement shall be in writing and signed by both MSECS and you.

By your acknowledgment of this agreement, you and the Company agree to indemnify and hold harmless MSECS and its affiliates, and its respective directors, officers, employees, agents and constants from and against any loss, claim, damage, liability or expense, including attorney's fees, incurred by such indemnified party, in connection with or arising out of any demand inquiry investigation, litigation or proceeding, related to the ESOP any transaction or proposed transaction (whether or not consummated) contemplated by this agreement, unless, as to any indemnified party, such loss, claim, damage, liability or expense is found in a final and unappeasable judgment of a court of competent jurisdiction to have resulted from such indemnified party's gross negligence or willful misconduct. You and MSECS of Los Angeles agree the proper forum for any action to enforce the terms of this agreement is in the County of Los Angeles, State of California. You and MSECS agree to settle any controversy or claim arising out of this agreement, by arbitration in accordance with the rules of the American Arbitration Association. The prevailing party in any arbitration founded on this agreement shall be entitled to reimbursement by the other party for attorney's fees and other reasonable expenses associated with any formal arbitration.

If the above proposal meets with your approval and you desire to employ the undersigned to carry out the services enumerated above, your execution of the enclosed copies of this letter were



Mr. Robert J. Morande
**Morande Ford, Inc.**
June 28, 1999
Page 6

indicated below shall constitute your acceptance hereof as the agreement between us.  Please return both copies to us.

Upon receipt of the executed agreement with your retainer, MSECS will immediately commence the work involved.

**ACCEPTED:**          **ESOP Capital Strategies Group**

BY:          _Fred H Shemas_

TITLE:          _E V P._

DATE:          _12/2/99_


**ACCEPTED:**          **Morande Ford, Inc.**

BY:          _m-c/8_

TITLE:          _PRESIDENT_

DATE:          _12-1-99_

